IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

      Petitioner,                      No. CIV S-06-2208 FCD DAD P

      vs.

DEPARTMENT OF EDUCATION, et al.,    ORDER AND

      Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In this regard, on February 21, 2008, the undersigned issued an order dismissing petitioner's amended petition because of its failure both to name a proper respondent and to provide relevant information regarding the nature of the petition required by the form habeas petition.  The court granted petitioner leave to file a second amended petition.  On March 4, 2008, petitioner filed a second amended petition which again fails to identify a proper respondent.  More importantly, petitioner has clarified his allegations with respect to exhaustion.  In his earlier petitions, petitioner had indicated in conclusory fashion that his claims had been presented to the California Supreme Court.  However, in his second amended petition he makes clear that such is not the case.  Instead, petitioner alleges that he pursued both his direct appeal and his petition for state

habeas relief only to the California Court of Appeals for the Second Appellate District. (Sec. Am. Pet. at 2-4.) Petitioner alleges that he did not pursue his claims with the California Supreme Court because he was "unaware" that he could do so. (Id.) Thus, the second amended petition on its face concedes a failure to exhaust.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. See 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the second amended petition for writ of habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

1  second amended petition filed in the instant case on the Attorney General of the State of
2  California; and
3     IT IS HEREBY RECOMMENDED that petitioner's second amended application
4  for a writ of habeas corpus, filed on March 4, 2008, be dismissed for failure to exhaust state
5  remedies.
6     These findings and recommendations will be submitted to the United States
7  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
8  twenty days after being served with these findings and recommendations, petitioner may file
9  written objections with the court.  The document should be captioned "Objections to Findings
10 and Recommendations."  Petitioner is advised that failure to file objections within the specified
11 time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d
12 1153 (9th Cir. 1991).
13 DATED: March 17, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

17 DAD:4
   will2208.103